**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSEPH MEDINA,

     Petitioner - Appellant,

v.

LOU ARCHULETA; THE ATTORNEY
GENERAL OF COLORADO,

     Respondents - Appellees.

No. 16-1063
(D.C. No. 1:15-CV-01334-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

The district court dismissed Joseph Medina's 28 U.S.C. § 2254 petition as

untimely.  Medina now seeks a certificate of appealability ("COA").  We deny a

COA and dismiss the appeal.

**I**

In 1996, Medina was convicted of first degree murder in Colorado state court.

The state appellate court affirmed his conviction on direct appeal, and the state

supreme court denied a writ of certiorari on July 19, 1999.  Although he did not

petition for a writ of certiorari in the United States Supreme Court, the time for filing

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

such a petition expired on October 17, 1999, see Supreme Ct. R. 13, from which date the one-year statute of limitations for a federal habeas petition began to run, § 2244(d)(1)(a); Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Although filing a petition for post-conviction relief in state court would have tolled the federal limitations period, § 2244(d)(2), Medina did not file for state post-conviction relief until June 2, 2003.[1] The state district court denied Medina's post-conviction application, and the state appellate court affirmed on August 16, 2012. In a September 29, 2012 letter, Medina's counsel advised him that a petition for writ of certiorari in the state supreme court would be futile. The letter also advised that Medina was "already beyond the time bar to file the federal writ" and that he should "file it as quickly as possible." Medina filed his § 2254 petition nearly three years later, on June 22, 2015. The district court held that the petition was not timely, and denied equitable tolling. This request for a COA followed.[2]

## II

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

---

[1] The district court noted that the state trial docket demonstrated that Medina's petition was filed on June 2, 2003, and not July 2, 2003. On appeal, Medina again asserts that he filed the petition on July 2, 2003. Whether the petition was filed on June 2 or July 2, 2003 does not change that his petition was filed long after the one-year limitations period expired in October 2000.

[2] Although Medina filed his notice of appeal more than 30 days after the district court entered judgment, the district court granted his motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6). We thus consider the appeal timely filed.

2

when the prisoner shows, at least, that jurists of reason would find it debatable" whether: (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

On appeal, Medina does not contest that his petition was untimely, and instead asks the court to apply equitable tolling.[3] The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons, although "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted). Among the circumstances warranting equitable tolling is a petitioner's tenable claim of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). In the context of an innocence claim, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see McQuiggin, 133 S. Ct. at 1936 (applying Schlup test to § 2244(d) limitations period). A petitioner must also persuade the court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 133 S. Ct. at 1928.

---

[3] Medina suggests that we should equitably toll the limitations period while a prisoner is "attempting" to pursue state post-conviction remedies. But § 2244(d)(2) requires that the state application must be "properly filed" and "pending" to toll the limitations period. Time spent anticipating or preparing a state court filing does not toll the statute of limitations. See Hoggro v. Boone, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) (we "subtract time only for the period when the petitioner's 'properly filed' post-conviction application is being pursued").

3

Medina asks us to toll the limitations period due to actual innocence. However, he does not identify any new evidence to support his claim. Instead, Medina rehashes evidence that was available at trial. Specifically, he argues that the murder weapon was not found in his possession and is not traceable to him, no fingerprints or DNA were found on the weapon or bullet casings, the clothes he was wearing the night of the murder did not match eyewitness accounts from certain witnesses, and gun powder residue tests revealed no gun powder on Medina. He also argues that the prosecution did not submit any evidence—aside from witness testimony—linking him to the murder. Each of these arguments relies on evidence—or the absence of evidence—which was available at trial. This assessment finds support in Medina's argument that if trial counsel had "expounded more" upon these issues, he would have been acquitted. Medina's statement compels an inference that trial counsel did, in fact, present this evidence at trial.[4] Because Medina does not identify any new evidence to support his claim of actual innocence, reasonable jurists cannot debate that the district court correctly denied equitable tolling on this ground.

Medina also argues that inadequate assistance of trial and appellate counsel constituted extraordinary circumstances warranting equitable tolling. See Doe v. Menefee, 391 F.3d 147, 174 (2d Cir. 2004). For extraordinary circumstances to toll

---

[4] Medina does assert that trial counsel "did not expound" on the lack of DNA or fingerprint evidence. But even if this evidence was not presented at trial, the lack of identifying information on the murder weapon does not demonstrate that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. McQuiggin, 133 S. Ct. at 1928.

4

the limitations period, a petitioner must establish that he diligently attempted to file his petition on time. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Medina does not offer any argument that he diligently pursued his claims between October 2000 and June 2003, or between August 16, 2012—when the state appellate court affirmed the denial of postconviction relief—and June 22, 2015 when he filed his § 2254 petition. The latter delay is particularly troublesome, given that his attorney advised him in a September 29, 2012 letter that he was "already beyond the time bar to file the federal writ" and that he should "file it as quickly as possible." Because Medina has not alleged with specificity any steps he took to diligently pursue his federal claims, reasonable jurists cannot contest the district court's judgment that extraordinary circumstances would not warrant tolling the limitations period. Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008).

### III

We **DENY** a COA and **DISMISS** the appeal. Medina's motion to proceed in forma pauperis on appeal is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5